**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK A. POPE,

Defendant-Appellant.

No.  00-3074
(D.C. No. 99-CR-40049)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

Defendant-appellant Mark A. Pope entered a guilty plea to the charge of

criminal sexual abuse of a minor, in violation of 18 U.S.C. § 2243(a).  He was

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

sentenced to twenty-four months' imprisonment, three years' supervised release, and ordered to pay an assessment of $100. Mr. Pope appeals the sentence imposed, arguing that the district court erred by denying a reduction for acceptance of responsibility and by refusing a downward departure. We affirm.

Mr. Pope's guilty plea was based on his admission that he had engaged in a sexual act with a person under the age of sixteen years. The district court initially indicated it intended to impose a thirty-month sentence, but upon being informed of the government's agreement not to oppose a sentence at the low end of the guidelines, instead imposed a twenty-four-month sentence. The court rejected Mr. Pope's requests for a reduction for acceptance of responsibility and a downward departure.

Our review of the district court's application of the Sentencing Guidelines is de novo. United States v. Burridge, 191 F.3d 1297, 1301 (10th Cir. 1999). We review for clear error the district court's underlying fact findings and its denial of a reduction for acceptance of responsibility. United States v. McAlpine, 32 F.3d 484, 488, 489 (10th Cir. 1994). "[T]he defendant bears the burden of proving [he] is entitled to a reduction under [USSG] § 3E1.1." United States v. Gallegos, 129 F.3d 1140, 1146 (10th Cir. 1997).

Mr. Pope argues that because he stated that he did not blame the victim and he admitted his criminal acts, he was entitled to a reduction for acceptance of

responsibility under § 3E1.1. He stated that the victim told him she was sixteen years old, going on seventeen, but he "didn't really know" her age or the circumstances that would have alerted him that she was younger than sixteen. Appellant's App., at 13. Mr. Pope stated that the victim had called him and invited him to her home, suggesting that the sexual act occurred because the victim had initiated it. The district court found that Mr. Pope attempted to excuse his illegal actions and that he was unwilling to admit to his culpability. Id. at 45. Upon review of the record, we conclude that Mr. Pope has not met his burden to establish that the district court's decision to refuse an adjustment for acceptance of responsibility was clearly erroneous.

Turning to Mr. Pope's appeal of the denial of a downward departure, we do not have jurisdiction to review it. United States v. Saffo, 227 F.3d 1260, 1271 (10th Cir. 2000). The district court did not indicate a "clear misunderstanding of its discretion to depart, or [impose] a sentence which violates the law or incorrectly applies the guidelines." Id. (quotation omitted).

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-